Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF CHARLES CHIVRELL,
ARIELLE CHIVRELL, K.C., and D.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ESTATE OF CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C., and D.C., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

This action arises from the officer-involved shooting of CHARLES CHIVRELL, a mentally-ill man who was stalked by law enforcement officers from the CALIFORNIA HIGHWAY PATROL and ARCATA POLICE DEPARTMENT, as he walked along public roadways. ARCATA POLICE DEPARTMENT Sergeant BRIAN HOFFMAN decided to shoot CHARLES CHIVRELL with pepperball projectiles, without warning, justification, or any threat present. CHARLES CHIVRELL responded to being struck by the pepperball projectiles with fear, running for cover. Seconds after the pepperball projectiles were fired, CALIFORNIA HIGHWAY PATROL Officer MICHAEL GRIFFIN fired a bullet from a rifle, striking CHARLES CHIVRELL in the back of the head, killing him.

1

## JURISDICTION & VENUE

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Northern District of California and because many of the acts and/or omissions described herein occurred in the Northern District of California.

3.      Intradistrict venue is proper in the Eureka Division of the United State District Court for the Northern District of California, pursuant to N.D. Cal. Civ. L.R. 3-2(f), because the claims asserted herein arise from acts and/or omissions which occurred in the County of Humboldt, California.

## EXHAUSTION

4.      On September 28, 2021, the ESTATE OF CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C., and D.C. submitted government claims to the CITY OF ARCATA and ARCATA POLICE DEPARTMENT concerning the claims alleged in this action, pursuant to Cal. Gov. Code § 910 *et seq*., and, on October 11, 2021, submitted an amended government claim, pursuant to Cal. Gov. Code § 910.6. On October 20, 2021, the CITY OF ARCATA submitted a "Rejection of Claim," pursuant to Cal. Gov. Code § 913(b).

5.      On September 28, 2021, the ESTATE OF CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C., and D.C. submitted a government claim to the STATE OF CALIFORNIA's Office of Risk and Insurance Management, Government Claims Program, concerning the claims alleged in this action, pursuant to Cal. Gov. Code § 910 *et seq*. By November 15, 2021, the STATE OF CALIFORNIA failed to respond to the government claim, which was deemed to have been rejected, pursuant to Cal. Gov. Code § 912.4(c).

## PARTIES

6.      Plaintiff ESTATE OF CHARLES CHIVRELL appears by and through the real-party-in-

2

interest Plaintiff ARIELLE CHIVRELL, the surviving spouse of CHARLES CHIVRELL, who bring this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff ARIELLE CHIVRELL brings this action as the successor-in-interest on behalf of the decedent CHARLES CHIVRELL. Plaintiff ARIELLE CHIVRELL's declaration regarding her status as CHARLES CHIVRELL's successor-in-interest is attached, pursuant to Cal. Code Civ. Proc. § 377.32.

7.     Plaintiff ARIELLE CHIVRELL is a resident of the County of Humboldt, California. Plaintiff ARIELLE CHIVRELL is the surviving spouse of CHARLES CHIVRELL. Plaintiff ARIELLE CHIVRELL brings this action: (a) in her representative capacity, as the successor-in-interest on behalf of the decedent CHARLES CHIVRELL; and (b) in her individual capacity, on behalf of herself.

8.     Plaintiff K.C. is a resident of the County of Humboldt, California. Plaintiff K.C. is the biological son of CHARLES CHIVRELL. Plaintiff K.C. brings this action in his individual capacity, on behalf of himself.

9.     Plaintiff D.C. is a resident of the County of Humboldt, California. Plaintiff D.C. is the biological daughter of CHARLES CHIVRELL. Plaintiff D.C. brings this action in her individual capacity, on behalf of herself.

10.     Defendant CITY OF ARCATA is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant CITY OF ARCATA is located in the County of Humboldt, California.

11.     Defendant ARCATA POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant ARCATA POLICE DEPARTMENT is located in the County of Humboldt, California.

12.     Defendant BRIAN AHEARN is, and at all times material herein was, a law enforcement officer and the Police Chief of Defendants CITY OF ARCATA and ARCATA POLICE DEPARTMENT, acting within the scope of that employment. Defendant BRIAN AHEARN is sued in his individual capacity.

13.     Defendant BRIAN HOFFMAN is, at all times material herein was, a law enforcement officer employed by Defendants CITY OF ARCATA and ARCATA POLICE DEPARTMENT, acting within the scope of that employment. Defendant BRIAN HOFFMAN is sued in his individual capacity.

14.     Defendant JOSEPH RODES is, at all times material herein was, a law enforcement officer

employed by Defendants CITY OF ARCATA and ARCATA POLICE DEPARTMENT, acting within the scope of that employment. Defendant JOSEPH RODES is sued in his individual capacity.

15.     Defendant STATE OF CALIFORNIA is a "public entity" within the definition of Cal. Gov. Code § 811.2.

16.     Defendant CALIFORNIA HIGHWAY PATROL is a "public entity" within the definition of Cal. Gov. Code § 811.2.

17.     Defendant MICHAEL GRIFFIN is, at all times material herein was, a law enforcement officer employed by Defendants STATE OF CALIFORNIA and CALIFORNIA HIGHWAY PATROL, acting within the scope of that employment. Defendant MICHAEL GRIFFIN is sued in his individual capacity.

18.     Defendants DOE 1 to 20 are and/or were agents or employees of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and/or CALIFORNIA HIGHWAY PATROL, acting within the scope of that employment and under color of state law. Defendants DOE 1 to 20's true and correct names and identities are not currently known. Defendants DOE 1 to 20 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

19.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Mental Health History of Charles Chivrell

20.     CHARLES CHIVRELL was a 35-year-old man and a disabled person who struggled with mental health issues during the course of his life, including diagnosed schizophrenia, up to and including the date of his death on September 9, 2021.

21.     CHARLES CHIVRELL's mental health issues substantially limited major life activities, including his ability to care for himself, concentrate, think, and communicate. For example, CHARLES CHIVRELL's mental health issues caused him to become easily confused, defensive, agitated, and frustrated; to exhibit stress, fear, anxiety, and paranoia; to have difficulty processing relayed information and verbalizing thoughts, feelings, and intentions. CHARLES CHIVRELL was known to act irrationally

4

1   when exhibiting symptoms of his mental illness.

2                    **The Contact with and Stalking of Charles Chivrell**

3       22.     On September 9, 2021, around 10:45 a.m., CHARLES CHIVRELL was present in a rural

4   and unincorporated area of the County of Humboldt, California.

5       23.     CHARLES CHIVRELL was experiencing and exhibiting symptoms of his mental illness,

6   including acting irrationally, agitated, and confused.

7       24.     CHARLES CHIVRELL was walking along a roadway carrying a briefcase and had a

8   firearm holstered on his side.

9       25.     On information and belief, a report of a suspicious person with a gun was made to law

10  enforcement agencies.

11      26.     Law enforcement officers from the Defendants CALIFORNIA HIGHWAY PATROL and

12  ARCATA POLICE DEPARTMENT, including Defendants DOE 1 to 10, were dispatched to CHARLES

13  CHIVRELL's location, near Heindon and James Roads.

14      27.     Defendants DOE 1 to 10 located CHARLES CHIVRELL walking along the roadway of

15  Miller Lane.

16      28.     The roadway of Miller Lane did not contain sidewalks on which CHARLES CHIVRELL

17  could walk.

18      29.     Defendants DOE 1 to 10 commanded CHARLES CHIVRELL to stop walking, drop the

19  briefcase he held in his hand, and put his "hands up."

20      30.     CHARLES CHIVRELL complied by raising his arms in the air.

21      31.     CHARLES CHIVRELL stated that he was exercising his constitutional rights.

22      32.     CHARLES CHIVRELL walked away in the direction away from Defendants DOE 1 to

23  10, further down the roadway.

24      33.     Defendant ARCATA POLICE DEPARTMENT's police officer Defendant JOSEPH

25  RODES and Defendant CALIFORNIA HIGHWAY PATROL's officer MICHAEL GRIFFIN arrived

26  and joined Defendants DOE 1 to 10.

27      34.     Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 stalked CHARLES

28  CHIVRELL for approximately one mile.

35.     Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 followed in their patrol vehicles slowly behind CHARLES CHIVRELL, as he continued to walk away along the roadway.

36.     CHARLES CHIVRELL walked onto Mad River Road, continuing in the direction away from Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10.

37.     Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 brashly confronted CHARLES CHIVRELL, including by aggressively and repeatedly yelling commands and orders, as CHARLES CHIVRELL continued walking away from the officers.

38.     The officers' brash commands and persistent stalking continued for approximately 17 minutes and a distance of approximately one mile.

39.     Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10's brash commands and persistent stalking exacerbated symptoms of CHARLES CHIVRELL's mental illness, including increasing his fear and anxiety that the officers intended to harm him.

40.     Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 knew or should have known that their conduct exacerbated symptoms of CHARLES CHIVRELL's mental illness, where he became increasingly agitated.

41.     CHARLES CHIVRELL repeatedly asked Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 to leave him alone and informed the officers that he did not want to be followed.

42.     Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 ignored CHARLES CHIVRELL's requests and made an affirmative decision to continue shouting commands and stalking him.

43.     CHARLES CHIVRELL continuously attempted to remove himself from the encounter by walking in the direction away from Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10. CHARLES CHIVRELL stated: "I'm going to McKinleyville. Meet me there."

44.     Defendants JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 failed to utilize appropriate procedures for communicating and confronting persons suffering from mental illness, such as de-escalation techniques.

45.     Defendants MICHAEL GRIFFIN and DOE 1 to 10 violated the policies and procedures

6

required by California Peace Officer Standards and Training ("POST") and Defendant CALIFORNIA

HIGHWAY PATROL's Highway Patrol Manual, including Policy 100.69, Chapter 14 ("Crisis

Intervention").

46.     Defendants JOSEPH RODES and DOE 1 to 10 violated the policies and procedures

required by California POST and Defendant ARCATA POLICE DEPARTMENT's Policy Manual,

including Policy 370 ("Communications with Persons with Disabilities") and Policy 466 ("Crisis

Intervention Incidents").

**The Officer-Involved Shooting of Charles Chivrell**

47.     Defendant ARCATA POLICE DEPARTMENT's sergeant Defendant BRIAN

HOFFMAN arrived at the scene. Defendant BRIAN HOFFMAN was an on-scene supervisor.

48.     Defendant BRIAN HOFFMAN armed himself with a rifle capable of shooting pepperball

projectiles.

49.     Defendant BRIAN HOFFMAN decided that he would fire on CHARLES CHIVRELL,

while other officers stood at the ready with alternative force options, including deadly force options.

50.     Defendant MICHAEL GRIFFIN armed himself with a rifle, which he pointed at

CHARLES CHIVRELL, who was non-threating and walking in the direction away from the officers.

51.     Defendant BRIAN HOFFMAN rode in the passenger seat of the patrol vehicle driven by

Defendant JOSEPH RODES.

52.     Defendant JOSEPH RODES slowly drove the patrol vehicle behind CHARLES

CHIVRELL, as he walked in the direction away from the officers.

53.     Defendant BRIAN HOFFMAN instructed Defendant JOSEPH RODES: "Scoot up about

10 more feet. I'm just going to start firing."

54.     Defendant JOSEPH RODES complied with Defendant BRIAN HOFFMAN's instruction,

despite having the opportunity and ability to intervene and protest Defendant BRIAN HOFFMAN's

stated intent to shoot CHARLES CHIVRELL.

55.     Defendant JOSEPH RODES slowly drove the patrol vehicle behind CHARLES

CHIVRELL, before stopping several yards behind CHARLES CHIVRELL.

56.     Defendant BRIAN HOFFMAN exited the patrol vehicle, using the patrol vehicle's opened

7

1   passenger door as cover.

2       57.   Defendant BRIAN HOFFMAN pointed his rifle at CHARLES CHIVRELL.

3       58.   CHARLES CHIVRELL had his back to the officers and was walking in the direction

4   away from the officers in a non-threatening manner, when Defendant BRIAN HOFFMAN pointed his rifle

5   at CHARLES CHIVRELL.

6       59.   Defendant BRIAN HOFFMAN said nothing to CHARLES CHIVRELL prior to firing his

7   rifle, including failing to provide any warning.

8       60.   Defendant BRIAN HOFFMAN fired several pepperball rounds at CHARLES

9   CHIVRELL's back.

10       61.   CHARLES CHIVRELL was struck and injured by several pepperball rounds fired by

11   Defendant BRIAN HOFFMAN.

12       62.   Defendants BRIAN HOFFMAN and JOSEPH RODES violated the policies and

13   procedures required by California POST and Defendant ARCATA POLICE DEPARTMENT's Policy

14   Manual, including Policy 300 ("Use of Force"), Policy 370 ("Communications with Persons with

15   Disabilities"), and Policy 466 ("Crisis Intervention Incidents").

16       63.   Defendant BRIAN HOFFMAN's deployment of the pepperball projectiles inappropriately

17   and unnecessarily escalated the officers' confrontation with CHARLES CHIVRELL.

18       64.   CHARLES CHIVRELL was fearful of the projectiles fired at him and believed his life

19   was being threatened.

20       65.   CHARLES CHIVRELL dropped the briefcase he held in his hand and ran for cover away

21   from the projectiles being fired and the officers.

22       66.   CHARLES CHIVRELL ran several feet from the location at which he was first struck by

23   pepperball projectiles fired by Defendant BRIAN HOFFMAN.

24       67.   Defendant BRIAN HOFFMAN continued to fire pepperball projectiles at CHARLES

25   CHIVRELL, as he ran away towards cover.

26       68.   Defendant MICHAEL GRIFFIN fired a bullet from his rifle at the back of CHARLES

27   CHIVRELL's head.

28       69.   CHARLES CHIVRELL was struck in the back of the head by the bullet fired by

Defendant MICHAEL GRIFFIN.

70.     CHARLES CHIVRELL fell to the ground and died.

### POLICY AND CUSTOM ALLEGATIONS

71.     Defendant BRIAN AHEARN is, and at all times material herein was, a final policy-making authority for Defendants CITY OF ARCATA and ARCATA POLICE DEPARTMENT. *See* Cal. Gov. Code § 38630(a); Defendant ARCATA POLICE DEPARTMENT's Policy Manual, Policy 106.3 ("Authority") and Policy 200.3 ("Command Protocol"). Defendant BRIAN AHEARN has been employed as Police Chief of Defendants CITY OF ARCATA and ARCATA POLICE DEPARTMENT from November 2018 to present.

72.     Defendants DOE 11 to 20 are/were final policymaking authorities for Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and/or CALIFORNIA HIGHWAY PATROL, based on a delegation of authority.

### Custom: Failure to Train Re: Mental Health Contacts

73.     Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 knew or should have known that a substantial number of contacts had occurred between officers under their command and persons wherein force has been applied involved mentally ill and/or substance-impaired persons who do not respond in the way persons who are not mentally ill do to orders, commands, brusk and direct language, and escalating force. Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 regularly receive calls for assistance in connection with persons undergoing mental health crises and, as a result, police officers under their command are on the front lines in dealing with persons with mental health problems, such as CHARLES CHIVRELL.

74.     Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 failed to promulgate specific policies and customs and to train officers under their command in the application of necessary policies, including those prescribed by the California POST, Learning Domain 37 ("People with Disabilities"). Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN

9

AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 failed adequately to train officers under their command in critical areas, including, for example:

      a.    how and when to call for the assistance of officers or professionals with specialized training in dealing with mental illness, when possible;

      b.    how to approach persons suffering from mental disability or substance impairment;

      c.    how to speak to persons suffering from a from mental disability or substance impairment;

      d.    how to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

      e.    how to respect the personal space of persons suffering from mental disability or substance impairment;

      f.    how reasonably to accommodate the disabilities of persons suffering from mental disability or substance impairment; and

      g.    how to de-escalate, without use of force, incidents involving persons suffering from mental disability or substance impairment.

    75.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20's failure adequately to train, supervise, or discipline police officers under their command, including Defendants BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10, was a moving force behind the use of unreasonable and excessive force against persons with mental disabilities or substance impairment, including CHARLES CHIVRELL.

### FIRST CLAIM

**Excessive Force**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

    76.    Plaintiff ESTATE OF CHARLES CHIVRELL (pursuant to Cal. Code Civ. Proc. § 377.30) asserts this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and

DOE 11 to 20.

77.    The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

78.    Defendants BRIAN HOFFMAN and MICHAEL GRIFFIN used unreasonable and excessive force against CHARLES CHIVRELL, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

79.    Defendant JOSEPH RODES failed to intercede in, was integral participant in, and/or aided and abetted Defendant BRIAN HOFFMAN's use of excessive force against CHARLES CHIVRELL, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

80.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, and DOE 11 to 20 maintained policies or customs of action and inaction resulting in harm to CHARLES CHIVRELL, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

81.    Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

82.    CHARLES CHIVRELL was injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20's actions and inactions, entitling Plaintiff ESTATE OF CHARLES CHIVRELL to receive survival damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20; and punitive damages against Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20.

WHEREFORE, Plaintiff ESTATE OF CHARLES CHIVRELL prays for relief as hereunder appears.

\ \ \

\ \ \

**SECOND CLAIM**

**Rehabilitation Act**

**(29 U.S.C. § 701, *et seq*.)**

83.    Plaintiff ESTATE OF CHARLES CHIVRELL asserts this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL.

84.    The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

85.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On information and belief, Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL receive federal financial assistance.

86.    CHARLES CHIVRELL had a mental impairment that substantially limited one or more major life activities, at all times material herein, including his ability to care for himself, concentrate, think, and communicate; caused him to become easily confused, defensive, agitated, and frustrated; to exhibit stress, fear, anxiety, and paranoia; and to have difficulty processing relayed information and verbalizing thoughts, feelings, and intentions.

87.    Defendants BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 failed reasonably to accommodate CHARLES CHIVRELL's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. Defendants BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 could have reasonably accommodated CHARLES CHIVRELL's disability, for example: (a) by approaching CHARLES CHIVRELL in a non-confrontational manner, without displaying or threatening the use of force; (b) by speaking to CHARLES CHIVRELL in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; (c) by interacting with CHARLES CHIVRELL in a non-confrontational manner, including appropriate body language, de-escalation, and spacing

12

techniques; and/or (d) by not using unreasonable and excessive force against CHARLES CHIVRELL.

88.     Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 maintained policies or customs of action and inaction resulting in harm to CHARLES CHIVRELL, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 could have reasonably accommodated CHARLES CHIVRELL's disability through the promulgation and implementation of appropriate policies and customs which prepared police officers under their command to interact with persons suffering from mental disability or substance abuse, including, for example: (a) how to approach such persons; (b) how to speak to such persons; (c) how to interact with such persons, including using appropriate body language and tone of voice; (d) how to respect the personal space of such persons; and/or (e) how to deescalate, without use of force, incidents involving such persons.

89.     CHARLES CHIVRELL was injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF CHARLES CHIVRELL to receive survival and nominal damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL.

WHEREFORE, Plaintiff ESTATE OF CHARLES CHIVRELL prays for relief as hereunder appears.

### THIRD CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq*.)

90.     Plaintiff ESTATE OF CHARLES CHIVRELL asserts this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL.

91.     The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the

13

extent relevant and as if fully set forth in this Claim.

92.     Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104.

93.     CHARLES CHIVRELL had a mental impairment that substantially limited one or more major life activities, at all times material herein, including his ability to care for himself, concentrate, think, and communicate; caused him to become easily confused, defensive, agitated, and frustrated; to exhibit stress, fear, anxiety, and paranoia; and to have difficulty processing relayed information and verbalizing thoughts, feelings, and intentions.

94.     Defendants BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 failed reasonably to accommodate CHARLES CHIVRELL's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Defendants BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 10 could have reasonably accommodated CHARLES CHIVRELL's disability, for example: (a) by approaching CHARLES CHIVRELL in a non-confrontational manner, without displaying or threatening the use of force; (b) by speaking to CHARLES CHIVRELL in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; (c) by interacting with CHARLES CHIVRELL in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or (d) by not using unreasonable and excessive force against CHARLES CHIVRELL.

95.     Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 maintained policies or customs of action and inaction resulting in harm to CHARLES CHIVRELL, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 could have reasonably accommodated CHARLES CHIVRELL's disability through the promulgation and

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. _____

implementation of appropriate policies and customs which prepared police officers under their command to interact with persons suffering from mental disability or substance abuse, including, for example: (a) how to approach such persons; (b) how to speak to such persons; (c) how to interact with such persons, including using appropriate body language and tone of voice; (d) how to respect the personal space of such persons; and/or (e) how to deescalate, without use of force, incidents involving such persons.

96.     CHARLES CHIVRELL was injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF CHARLES CHIVRELL to receive survival and nominal damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL.

WHEREFORE, Plaintiff ESTATE OF CHARLES CHIVRELL prays for relief as hereunder appears.

### FOURTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

97.     Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. assert this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20.

98.     The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

99.     Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. shared a close relationship and special bond with their spouse or biological father, CHARLES CHIVRELL, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of CHARLES CHIVRELL.

100.     Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20 caused the termination of and interference with Plaintiffs ARIELLE CHIVRELL, K.C., and D.C.'s familial

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. _____

relationship with CHARLES CHIVRELL, in the violation of constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution.

101.    Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

102.    Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. were injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20's actions and inactions, entitling them to receive compensatory damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20; and punitive damages against Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20.

WHEREFORE, Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. pray for relief as hereunder appears.

## FIFTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

103.    Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. assert this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20.

104.    The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

105.    Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. shared a close relationship and special bond with their spouse or biological father, CHARLES CHIVRELL, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of CHARLES CHIVRELL.

106.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20 caused the

termination of and interference with Plaintiffs ARIELLE CHIVRELL, K.C., and D.C.'s familial relationship with CHARLES CHIVRELL, in the violation of constitutional rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

107.    Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

108.    Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. were injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20's actions and inactions, entitling them to receive compensatory damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20; and punitive damages against Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 11 to 20.

WHEREFORE, Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. pray for relief as hereunder appears.

### SIXTH CLAIM

**Excessive Force**

**(Cal. Const., Art. I, § 13)**

109.    Plaintiff ESTATE OF CHARLES CHIVRELL (pursuant to Cal. Code Civ. Proc. § 377.30) asserts this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 11 to 20.

110.    The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

111.    Defendants BRIAN HOFFMAN and MICHAEL GRIFFIN used unreasonable and excessive force against CHARLES CHIVRELL, in violation of Article I, Section 13 of the California Constitution.

112.    Defendant JOSEPH RODES failed to intercede in, was integral participant in, and/or

17

1  aided and abetted Defendant BRIAN HOFFMAN's use of excessive force against CHARLES

2  CHIVRELL, in violation of Article I, Section 13 of the California Constitution.

3       113.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN

4  AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20

5  maintained policies or customs of action and inaction resulting in harm to CHARLES CHIVRELL, in

6  violation of Article I, Section 13 of the California Constitution.

7       114.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF

8  CALIFORNIA, and CALIFORNIA HIGHWAY PATROL are vicariously liable, through the principles

9  of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately

10 caused by the acts and omissions of their employees acting within the scope of their employment,

11 including Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN,

12 and DOE 11 to 20.

13      115.    Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL

14 GRIFFIN, and DOE 11 to 20's actions and inactions constituted oppression, fraud, and/or malice

15 resulting in great harm.

16      116.    CHARLES CHIVRELL was injured as a direct and proximate result of CITY OF

17 ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH

18 RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and

19 DOE 11 to 20's actions and inactions, entitling Plaintiff ESTATE OF CHARLES CHIVRELL to receive

20 survival damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN

21 AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA

22 HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 11 to 20; and punitive damages against

23 Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE

24 11 to 20.

25      WHEREFORE, Plaintiff ESTATE OF CHARLES CHIVRELL prays for relief as hereunder

26 appears.

27 \ \ \

28 \ \ \

**SEVENTH CLAIM**

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

117.     Plaintiffs ESTATE OF CHARLES CHIVRELL (pursuant to Cal. Code Civ. Proc. § 377.30), ARIELLE CHIVRELL, K.C., and D.C. assert this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20.

118.     The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

119.     Defendants BRIAN HOFFMAN and MICHAEL GRIFFIN used unreasonable and excessive force against CHARLES CHIVRELL, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

120.     Defendant JOSEPH RODES failed to intercede in, was integral participant in, and/or aided and abetted Defendant BRIAN HOFFMAN's use of excessive force against CHARLES CHIVRELL, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

121.     Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 maintained policies or customs of action and inaction resulting in harm to CHARLES CHIVRELL, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

122.     Defendants BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to

19

10 failed reasonably to accommodate CHARLES CHIVRELL's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

123.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 maintained policies or customs of action and inaction resulting in harm to CHARLES CHIVRELL, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

<u>Unwarranted Interference with Familial Association</u>

124.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20 caused the termination of and interference with Plaintiffs ARIELLE CHIVRELL, K.C., and D.C.'s familial relationship with CHARLES CHIVRELL, with deliberate indifference or reckless disregard of rights protected by the First and Fourteenth Amendments to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

<u>Common Allegations</u>

125.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20.

126.    Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

127.    CHARLES CHIVRELL and Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. were

20

injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions, entitling Plaintiffs ESTATE CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C., and D.C. to receive compensatory and treble damages and civil penalties against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20; and punitive damages against Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20.

WHEREFORE, Plaintiffs ESTATE CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C., and D.C. pray for relief as hereunder appears.

## EIGHTH CLAIM

### Battery

128.    Plaintiff ESTATE OF CHARLES CHIVRELL (pursuant to Cal. Code Civ. Proc. § 377.30) asserts this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and MICHAEL GRIFFIN.

129.    The allegations of the preceding paragraphs 1 to 70 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

130.    Defendants BRIAN HOFFMAN and MICHAEL GRIFFIN used unreasonable and excessive force against CHARLES CHIVRELL.

131.    Defendant JOSEPH RODES failed to intercede in, was integral participant in, and/or aided and abetted Defendant BRIAN HOFFMAN's use of excessive force against CHARLES CHIVRELL.

132.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment,

21

1   including Defendants BRIAN HOFFMAN, JOSEPH RODES, and MICHAEL GRIFFIN.

2   133.   Defendants BRIAN HOFFMAN, JOSEPH RODES, and MICHAEL GRIFFIN's actions

3   and inactions constituted oppression, fraud, and/or malice resulting in great harm.

4   134.   CHARLES CHIVRELL was injured as a direct and proximate result of Defendants

5   BRIAN HOFFMAN, JOSEPH RODES, and MICHAEL GRIFFIN's actions and inactions, entitling

6   Plaintiff ESTATE OF CHARLES CHIVRELL to receive survival damages against Defendants CITY OF

7   ARCATA, ARCATA POLICE DEPARTMENT, BRIAN HOFFMAN, JOSEPH RODES, STATE OF

8   CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and MICHAEL GRIFFIN; and punitive damages

9   against Defendants BRIAN HOFFMAN, JOSEPH RODES, and MICHAEL GRIFFIN.

10   WHEREFORE, Plaintiff ESTATE OF CHARLES CHIVRELL prays for relief as hereunder

11   appears.

## NINTH CLAIM

### Intentional Infliction of Emotional Distress

14   135.   Plaintiff ESTATE OF CHARLES CHIVRELL (pursuant to Cal. Code Civ. Proc. §

15   377.30) asserts this Claim against Defendants CITY OF ARCATA, ARCATA POLICE

16   DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF

17   CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20.

18   136.   The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the

19   extent relevant and as if fully set forth in this Claim.

20   137.   Defendants BRIAN HOFFMAN and MICHAEL GRIFFIN engaged in outrageous

21   conduct, with intent or reckless disregard of the probability that CHARLES CHIVRELL would suffer

22   emotional distress and he did suffer severe emotional distress, including by employing improper tactical

23   conduct and decisions preceding the use of excessive force against CHARLES CHIVRELL; by failing

24   reasonably to accommodate CHARLES CHIVRELL's disability; and by using excessive force against

25   CHARLES CHIVRELL.

26   138.   Defendant JOSEPH RODES engaged in outrageous conduct, with intent or reckless

27   disregard of the probability that CHARLES CHIVRELL would suffer emotional distress and he did

28   suffer severe emotional distress, including by employing improper tactical conduct and decisions

22

preceding the use of excessive force against CHARLES CHIVRELL; by failing reasonably to accommodate CHARLES CHIVRELL's disability; and by failing to intercede in, integrally participating in, and/or aiding and abetting Defendant BRIAN HOFFMAN's use of excessive force against CHARLES CHIVRELL.

139.   Defendants DOE 1 to 10 engaged in outrageous conduct, with intent or reckless disregard of the probability that CHARLES CHIVRELL would suffer emotional distress and he did suffer severe emotional distress, including by employing improper tactical conduct and decisions preceding the use of excessive force against CHARLES CHIVRELL; and by failing reasonably to accommodate CHARLES CHIVRELL's disability.

140.   Defendants BRIAN AHEARN and DOE 11 to 20 engaged in outrageous conduct, with intent or reckless disregard of the probability that CHARLES CHIVRELL would suffer emotional distress and he did suffer severe emotional distress, including by maintaining policies or customs of action and inaction which resulted in harm to CHARLES CHIVRELL.

141.   Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20.

142.   Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

143.   CHARLES CHIVRELL was injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE CHARLES CHIVRELL to receive survival damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA

23

1   HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20; and punitive damages against

2   Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE

3   1 to 20.

4       WHEREFORE, Plaintiff ESTATE OF CHARLES CHIVRELL prays for relief as hereunder

5   appears.

6                                   **TENTH CLAIM**

7                                    **Negligence**

8       144.    Plaintiff ESTATE OF CHARLES CHIVRELL (pursuant to Cal. Code Civ. Proc. §

9   377.30) asserts this Claim against Defendants CITY OF ARCATA, ARCATA POLICE

10  DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF

11  CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20.

12      145.    The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the

13  extent relevant and as if fully set forth in this Claim.

14      146.    Defendants BRIAN HOFFMAN and MICHAEL GRIFFIN owed CHARLES CHIVRELL

15  a duty of care and breached that duty, including by employing improper tactical conduct and decisions

16  preceding the use of excessive force against CHARLES CHIVRELL; by failing reasonably to

17  accommodate CHARLES CHIVRELL's disability; and by using excessive force against CHARLES

18  CHIVRELL.

19      147.    Defendant JOSEPH RODES owed CHARLES CHIVRELL a duty of care and breached

20  that duty, including by employing improper tactical conduct and decisions preceding the use of excessive

21  force against CHARLES CHIVRELL; by failing reasonably to accommodate CHARLES CHIVRELL's

22  disability; and by failing to intercede in, integrally participating in, and/or aiding and abetting Defendant

23  BRIAN HOFFMAN's use of excessive force against CHARLES CHIVRELL.

24      148.    Defendants DOE 1 to 10 owed CHARLES CHIVRELL a duty of care and breached that

25  duty, including by employing improper tactical conduct and decisions preceding the use of excessive

26  force against CHARLES CHIVRELL; and by failing reasonably to accommodate CHARLES

27  CHIVRELL's disability.

28      149.    Defendants BRIAN AHEARN and DOE 11 to 20 owed CHARLES CHIVRELL a duty of

care and breached that duty, including by maintaining policies or customs of action and inaction which resulted in harm to CHARLES CHIVRELL.

150. Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20.

151. Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

152. CHARLES CHIVRELL was injured as a direct and proximate result of Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE CHARLES CHIVRELL to receive survival damages against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20; and punitive damages against Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF CHARLES CHIVRELL prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

153. Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. assert this Claim against Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL

25

GRIFFIN, and DOE 1 to 20.

154.    The allegations of the preceding paragraphs 1 to 75 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

155.    Defendants BRIAN HOFFMAN and MICHAEL GRIFFIN caused CHARLES CHIVRELL's death by wrongful act and neglect, including by employing improper tactical conduct and decisions preceding the use of excessive force against CHARLES CHIVRELL; by failing reasonably to accommodate CHARLES CHIVRELL's disability; and by using of excessive force against CHARLES CHIVRELL.

156.    Defendant JOSEPH RODES caused CHARLES CHIVRELL's death by wrongful act and neglect, including by employing improper tactical conduct and decisions preceding the use of excessive force against CHARLES CHIVRELL; by failing reasonably to accommodate CHARLES CHIVRELL's disability; and by failing to intercede in, integrally participating in, and/or aiding and abetting Defendant BRIAN HOFFMAN's use of excessive force against CHARLES CHIVRELL.

157.    Defendants DOE 1 to 10 caused CHARLES CHIVRELL's death by wrongful act and neglect, including by employing improper tactical conduct and decisions preceding the use of excessive force against CHARLES CHIVRELL; and by failing reasonably to accommodate CHARLES CHIVRELL's disability.

158.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, and DOE 11 to 20 caused CHARLES CHIVRELL's death by wrongful act and neglect, including by maintaining policies or customs of action and inaction.

159.    Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA HIGHWAY PATROL are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20.

160.    Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, MICHAEL

1  GRIFFIN, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting

2  in great harm.

3       161.    CHARLES CHIVRELL died as a direct and proximate result of Defendants CITY OF

4  ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH

5  RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and

6  DOE 1 to 20's actions and inactions, entitling Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. to

7  receive wrongful death damages and expenses against Defendants CITY OF ARCATA, ARCATA

8  POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF

9  CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and DOE 1 to 20; and

10  punitive damages against Defendants BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES,

11  MICHAEL GRIFFIN, and DOE 1 to 20.

12      WHEREFORE, Plaintiffs ARIELLE CHIVRELL, K.C., and D.C. pray for relief as hereunder

13  appears.

14  **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiffs ESTATE OF CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C.,

16  and D.C. seek Judgment as follows:

17      1.    For an award of compensatory, general, special, and nominal damages (including survival,

18  loss of life, and wrongful death damages under federal and state law) against Defendants CITY OF

19  ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH

20  RODES, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, and

21  DOE 1 to 20, in excess of $30,000,000, according to proof at trial;

22      2.    For an award of exemplary/punitive damages against Defendants BRIAN AHEARN,

23  BRIAN HOFFMAN, JOSEPH RODES, MICHAEL GRIFFIN, and DOE 1 to 20, in an amount sufficient

24  to deter and to make an example of them, because their actions and inactions were motivated by evil

25  motive or intent, or involved reckless or callous indifference to constitutional rights; and/or constituted

26  oppression, fraud, and/or malice resulting in great harm;

27      3.    For funeral and burial expenses;

28      4.    For an award of actual damages, treble damages, punitive damages, civil penalties, and

27

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. _____

1  any other available relief Defendants CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN

2  AHEARN, BRIAN HOFFMAN, JOSEPH RODES, STATE OF CALIFORNIA, CALIFORNIA

3  HIGHWAY PATROL, MICHAEL GRIFFIN, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other

4  statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF

5  ARCATA, ARCATA POLICE DEPARTMENT, STATE OF CALIFORNIA, and CALIFORNIA

6  HIGHWAY PATROL, pursuant to Cal. Civ. Code § 818);

7      5.      For interest;

8      6.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29

9  U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other

10 statute as may be applicable; and

11     7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

12 Dated: January 4, 2022                                    Respectfully Submitted,

                                                           By: _____
                                                              Mark E. Merin
                                                              Paul H. Masuhara
                                                              LAW OFFICE OF MARK E. MERIN
                                                              1010 F Street, Suite 300
                                                              Sacramento, California 95814
                                                              Telephone: (916) 443-6911
                                                              Facsimile: (916) 447-8336

                                                              Attorneys for Plaintiffs
                                                              ESTATE OF CHARLES CHIVRELL,
                                                              ARIELLE CHIVRELL, K.C., and D.C.

28

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C., and D.C.

Dated: January 4, 2022                                   Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone: (916) 443-6911
     Facsimile: (916) 447-8336

     Attorneys for Plaintiffs
     ESTATE OF CHARLES CHIVRELL,
     ARIELLE CHIVRELL, K.C., and D.C.