Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:       mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF CHARLES CHIVRELL,
ARIELLE CHIVRELL, K.C., and D.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ESTATE OF CHARLES CHIVRELL, ARIELLE CHIVRELL, K.C., and D.C., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, EVAN BEECHEL, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, MICHAEL GRIFFIN, MOISES CORNEJO MERCADO, and DOE 1 to 20, <br><br> Defendants. | Case No. 4:22-cv-00019-HSG <br><br> **PLAINTIFFS' NOTICE OF MOTION; MOTION FOR APPROVAL OF MINORS' COMPROMISE** <br><br> Date:  January 6, 2026 <br> Time:  2:00 p.m. <br> Location:  Ronald V. Dellums U.S. Courthouse <br>  1301 Clay Street <br>  Oakland, CA 94612 <br> Courtroom:  2 (4th Floor) <br> District Judge:  Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION; MOTION FOR APPROVAL OF MINORS' COMPROMISE

PLEASE TAKE NOTICE that, on January 6, 2026, at 2:00 p.m., in Courtroom 2 (4th Floor), at the Ronald V. Dellums U.S. Courthouse, 1301 Clay Street, Oakland, CA 94612, before the Honorable District Judge Haywood S. Gilliam, Jr., the Estate of Charles Chivrell, Arielle Chivrell, K.C., and D.C. (collectively, "Plaintiffs") do and will move the Court for approval of minors' compromise settlement for K.C. and D.C.

i

Plaintiffs' motion is supported by this notice and motion, the accompanying memorandum of points and authorities, declaration(s), and exhibits, the pleadings on file with the Court in this action, and any other arguments or evidence which may be submitted in this matter.

Dated: December 5, 2025                                    Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF CHARLES CHIVRELL,
    ARIELLE CHIVRELL, K.C., and D.C.

ii

**PLAINTIFFS' MOTION FOR APPROVAL OF MINORS' COMPROMISE**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. 4:22-cv-00019-HSG

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION**

## I.     ISSUE TO BE DECIDED

Whether the Court should approve a minors' compromise settlement for K.C. and D.C. in the amount of a $63,498.62 net recovery for each.

## II.     STATEMENT OF RELEVANT FACTS & PROCEEDINGS

**A.     RELEVANT FACTS**

The relevant facts are discussed and analyzed in the Court's prior summary judgment decisions. *See* ECF No. 126, 159.

On September 9, 2021, at 10:47 a.m., the California Highway Patrol ("CHP") dispatch center received a call reporting a "male subj[ect] walking down the r[oa]dw[a]y," wearing a "leather jacket," "carrying a gun" "poss[ibly] 22 revolver … holster on his belt," and carrying "a suitcase or briefcase," in the vicinity of Heindon and Miller Road in Arcata, California. ECF No. 146-1 at 266. CHP officers Michael Griffin and Moises Cornejo-Mercado located the suspect—determined to be 35-year-old Charles Chivrell after the incident—while driving their patrol vehicle. *Id*. at 270, 276; *see id*. at 286 @ 01:00–01:20. Cornejo-Mercado slowly drove behind Chivrell as he walked down Miller Road. *Id*. at 286 @ 01:00–01:20. Officer Cornejo-Mercado stopped his patrol vehicle about 60 feet from Chivrell. *Id*. @ 01:00–01:30. Griffin, who was in the passenger seat, used the public address (PA) system to speak to Chivrell, said, "stop walking," "drop what's in your hands," and "put your hands up. *Id*. at 277; *see id*. at 286 @ 01:20–01:40. Chivrell complied by dropping his suitcase and putting his hands in the air, behind his head. *Id*. at 286 @ 01:20–01:40. Griffin said, "Put your hands straight in the air and walk towards us. Turn around, face away." *Id*. @ 01:40–01:50. Chivrell yelled back to the officers, including stating he had a "right to travel," "Second Amendment right to bear arms," "Just shoot, motherfucker," "Fuck you," and "I'm gonna keep going." *Id*. at 277; *see id*. at 286 @ 01:40–02:00. Chivrell picked up his suitcase and continued to walk away from the officers. *Id*. at 286 @ 02:00–02:20. Griffin "put [Chivrell] at gunpoint right away" drawing both his department issued pistol and patrol rifle during the interaction. *Id*. at 277. APD officers arrived at the scene and joined the caravan of vehicles following behind Chivrell, including patrol vehicles driven by Alexander Bonaparte, Joseph Rodes, and Evan Beechel. *Id*. 288–89, 292, 299; *see id*. at 305 @ 00:00–02:20. Chivrell's behavior was "agitated," "excited," "very

1

**PLAINTIFFS' MOTION FOR APPROVAL OF MINORS' COMPROMISE**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. 4:22-cv-00019-HSG

demonstrative," and "erratic." *Id*. at 294.

Chivrell continued walking, turning right onto Mad River Road, a rural roadway with no sidewalks, with the caravan following behind him. *Id*. at 286 @ 03:20–03:40. Griffin said, "Hey, let's just talk to you. Hey, you -- you got the right to bear arms. I agree, okay?" *Id*. @ 03:45–03:55. Chivrell stopped walking, turned to face the officers, and stated, "Yep, and I got the right to travel to. You don't have the right to talk to me. . . . Just shoot me." *Id*. @ 03:55–04:10. Griffin said, "I don't want to shoot you." *Id*. @ 04:10–04:15. Chivrell turned away and continued walking away. *Id*. @ 04:15–04:20. Griffin said, "Hey, let's talk about this for a second." *Id*. @ 04:15–04:25. Chivrell continued walking and stated, "I'm going to McKinleyville. Meet me there, okay?" *Id*. @ 04:20–04:25. The caravan continued following behind Chivrell. *Id*. @ 04:50–05:30. Inside the CHP patrol vehicle, Griffin told Cornejo-Mercado, "So, he's got the pistol in a holster, right? So, as long as he keeps it in that holster -- if it comes out of the holster, it's going to go bad. Just think about that." *Id*. @ 05:15–05:25. Cornejo-Mercado responded, "We've got to keep a distance, too." *Id*. @ 05:20–05:25.

Griffin exited of the patrol vehicle to speak with Chivrell, stating, "Don't walk away. Let's just talk for a minute." *Id*. @ 05:30–05:40. Chivrell responded, "Put the fucking gun down. I'm not going to take my chances…" *Id*. @ 05:35–05:40. Griffin said, "Okay. That's a deal, okay? . . . . Where are you headed?" *Id*. @ 05:40–06:15. Chivrell responded, "I just told you, I'm going to fucking McKinleyville." *Id*. @ 06:10–06:20. Chivrell turned around and continued walking away. *Id*. @ 06:20–06:40. The caravan continued following behind Chivrell. *Id*. @ 07:00–15:00. Rodes briefly pulled his patrol vehicle alongside the CHP vehicle. *Id*. at 305 @ 6:55–7:05. Rodes stated, "Our sergeant's responding with a pepper ball gun. We might be able to deploy that. It's got some decedent range on it. So, he should be around in just a few." *Id*. @ 7:00–7:10; *see also id*. at 307 @ 6:00–6:15.

Chivrell continued oddly ranting as he walked away, including stating, "Just shoot me." *Id*. at 286 @ 08:20–08:40, 09:30–09:50, 10:20–10:40, 11:10–11:30, 13:10–13:20, 15:20–15:25. As he walked, Chivrell passed by two occupied vehicles and one bicyclist, without incident or interaction. *Id*. @ 02:40–03:15, 09:50–10:30, 15:00–15:10. Inside the CHP patrol vehicle, Cornejo-Mercado told Griffin, "I don't want to say you're making it worse but what the fuck? Are we pissing him off?" *Id*. @ 13:40–13:50.

APD sergeant Brian Hoffman arrived on scene armed with a pepper ball gun. *Id*. at 310. Hoffman

2

approached Rodes' vehicle and Rodes said, "He's got a pistol on his hip, in a holster." *Id*. at 307 @ 10:30–10:36. Hoffman asked, "Has he brought it out yet?" *Id*. @ 10:36–10:38. Rodes responded, "Nope. It's just in the holster." *Id*. @ 10:38–10:40. Hoffman asked: "What's he saying?" *Id*. at 10:40–10:41. Rodes responded, "You know, it's his right to bear arms. A lot of stuff like that. He hasn't made any violent gestures, or anything like that. But he's obviously refused to stop and talk to us, multiple times." *Id*. @ 10:41–10:50. Chivrell stopped walking and put down his suitcase on the side of road. *Id*. at 286 @ 15:35–15:55. Griffin said, "I want you to chill out, man. Just set your stuff down and come back here." *Id*. @ 15:50–16:10. Chivrell pointed to his suitcase on the ground, stating, "Here's all your evidence," and continued walking away. *Id*. Hoffman observed that "[i]t appeared [Chivrell] was possibly under the [i]nfluence of a stimulant or having a mental health issue," and that Chivrell was unable to communicate with officers. *Id*. at 310; *see id*. at 313 @ 14:00–15:50.

Hoffman approached the CHP patrol vehicle and Griffin said, "Hey, sarge. You ride up on this side with me and I'll get lethal coverage and you pepper ball him?" *Id*. at 286 @ 16:15–16:20. Hoffman responded, "Yeah. As soon as I pull out, I'll pepper ball him." *Id*. @ 16:15–16:25. Griffin said, "Okay." *Id*. @ 16:20–16:25. "The officers stopped and formulated a plan of action of what to do." *Id*. at 295. Hoffman walked back to Rodes' vehicle and said, "Guys, we're going to roll up. Get close enough. Make sure we got lethal coverage. I'm just going to unload on him." *Id*. at 307 @ 14:30–14:40. Rodes responded, "Copy that." *Id*. @ 13:50–14:00. Beechel responded, "Okay." *Id.* at 315 @ 14:30–14:40. "After the officers formulated their plan, [] Hoffman got in the CHP vehicle and [] Rodes got in his vehicle." *Id*. at 295. Beechel sat in the passenger seat of Rodes' vehicle, and Rodes briefly laughed and said, "Well, this is interesting." *Id*. at 307 @ 14:10–14:20; *see also id*. at 315 @ 14:50–15:00. Hoffman, Rodes, and Beechel's "plan" to "just … unload on [Chivrell]," without provocation, would violate APD training and policies. *Id*. at 51–254.

The caravan continued following behind Chivrell. *Id*. at 286 @ 17:10–18:00. "Hoffman discussed this plan [to shoot Chivrell] with [Griffin and Cornejo-Mercado] in the vehicle prior to deploying the pepper ball launcher." *Id*. at 311. "Griffin told [Hoffman] 'you have pepper-ball and I'll have lethal coverage.'" *Id*. Hoffman, Griffin, and Cornejo-Mercado "form[ed] a plan to approach Chivrell and deploy the pepper ball launcher" while "Griffin will provide [lethal] cover." *Id*. at 270–71. Hoffman said,

3

"If we can get him turned around." *Id*. at 286 @ 17:00–17:10. Griffin said, "So, he's been making sovereign statements. He's traveling, his right to bear arms, all that stuff. How close we need for that [pepper ball gun]?" *Id*. @ 17:20–17:40. Cornejo-Mercado said, "Just let me know when you want me to slow down." *Id*. at 317 @ 00:05–00:10. Hoffman responded, "Scoot up about ten more feet. I'm just going to start firing." *Id*. @ 00:10–00:20.

Hoffman got out of the car and stood in the "V" of the patrol vehicle passenger door. *Id*. @ 00:20–00:30. Griffin "t[ook] a kneeling position on the right side of the passenger door," "flipped the safety of the rifle off," and targeted Chivrell. *Id*. at 280. Rodes and Beechel stood by as armed backup. *Id*. at 307 @ 15:15–14:25; *id*. at 315 @ 16:00–16:05. "Hoffman targeted [Chivrell]'s back because he was facing away." *Id*. at 311. Hoffman provided no warning to Chivrell, before firing seven shots from the pepper ball gun. *Id*. at 317 @ 00:20–00:35. "The pepper ball projectiles struck [Chivrell]'s legs and back and a small cloud of visible [PAVA4] powder was [visible]." *Id*. at 311. "Pepper-ball dust was blowing at the officers on scene and they started coughing." *Id*. at 281. Chivrell began to run away from the officers after being struck by the pepper balls and, as he ran, he reached down, drew the pistol from his holster, and fired an errant gunshot. *Id*. at 286 @ 17:20–17:40; *id*. at 305 @ 18:00–18:10. Chivrell fired his pistol approximately five seconds after Hoffman shot the first pepper ball. *Id*. Griffin "squeezed one round off as [Chivrell was] lifting the gun" and Chivrell "immediately went down." *Id*. at 280. Chivrell was shot about 17 minutes after officers contacted him. *Id*. at 286 @ 01:00–18:10. Chivrell was about a mile away from the footbridge on Mad River Road with access to McKinleyville, when he was shot. *Id*. at 320.

Chivrell "sustained a through and through gunshot wound," with "[t]he entrance wound [at] the left cheek" and "[t]he exit wound [at] the right posterior neck…" *Id*. at 328. "[Chivrell] was transported to a local hospital and expired 35 minutes after the initial call." *Id*. at 327. The cause of death was identified as "[g]unshot wound to the head and neck." *Id*.

**B.    RELEVANT PROCEEDINGS**

On January 4, 2022, the Estate of Charles Chivrell, Arielle Chivrell, K.C., and D.C. (collectively, "Plaintiffs") filed the Complaint initiating this action. ECF No. 1.

On October 17, 2023, Plaintiffs filed the currently-operative Second Amended Complaint against

4

the City of Arcata, Arcata Police Department, Brian Ahearn, Brian Hoffman, Joseph Rodes, and Evan Beechel (collectively, "City Defendants") and the State of California, California Highway Patrol, Michael Griffin, and Moises Cornejo Mercado (collectively, "State Defendants"). ECF No. 100.

On August 4, 2025, the Court filed an order granting in part and denying in part Defendants' motions for summary judgment. ECF No. 159.

On September 22, 2025, the parties attended a settlement conference before Magistrate Judge Laurel Beeler. ECF No. 195. Therein, the parties reached the terms of a global settlement, contingent upon approval of a minors' compromise.

### III.     ARGUMENT

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id*. (internal citation omitted); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

"[C]ourts must focus on the net recovery of the minor plaintiffs under the proposed agreement, and limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Ramirez v. City of Gilroy*, 2020 U.S. Dist. LEXIS 188660, at *4–5 (N.D. Cal. Oct. 9, 2020) (citing *Robidoux*, 638 F.3d at 1181–82); *see also id*. at *5 ("Although the Ninth Circuit expressly limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, courts in this district have applied the *Robidoux* standard in cases involving the settlement of both federal and state claims." (internal citations omitted)). "Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court." *Long v. Fernandez*, 2024 U.S. Dist. LEXIS 199147, at *5 (E.D. Cal. Oct. 31, 2024).

5

**PLAINTIFFS' MOTION FOR APPROVAL OF MINORS' COMPROMISE**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. 4:22-cv-00019-HSG

### A. MINORS

K.C. was 4 years old when his father died on September 9, 2021, and is currently 9 years old. ECF No. 2-1 ¶ 2.

D.C. was 3 years old when her father died on September 9, 2021, and is currently 7 years old. ECF No. 2-1 ¶ 3.

### B. CLAIMS

K.C. and D.C. have a triable claim for wrongful death pursuant to California Code of Civil Procedure § 377.60. *See* ECF No. 159 at 32–33 (denying Defendants' motions for summary judgment, *inter alia*, "as to Plaintiffs' … wrongful death claims arising from Sergeant Hoffman's use of force and the other officers' related conduct").

### C. SETTLEMENT

The parties' settlement was achieved during a full-day settlement conference before Magistrate Judge Laurel Beeler. ECF No. 195. Generally, "the fact that the parties reached their settlement with the assistance of a magistrate judge through a settlement conference [] suggests that the settlement is fair and reasonable." *Estate of Prince v. County of Sacramento*, 2025 U.S. Dist. LEXIS 164782, at *7 (E.D. Cal. Aug. 22, 2025); *see*, *e.g.*, *Colbert v. IC Marks, Inc.*, 2024 U.S. Dist. LEXIS 48693, at *6 (S.D. Cal. Mar. 19, 2024); *Parenti v. County of Monterey*, 2019 U.S. Dist. LEXIS 44220, at *9 (N.D. Cal. Mar. 18, 2019); *E.H. v. Cal. Exposition & State Fair*, 2023 U.S. Dist. LEXIS 219523, at *5 (E.D. Cal. Dec. 8, 2023).

K.C. and D.C.'s settlement provides for a $87,500 gross recovery for each minor, and a $63,498.62 net recovery for each minor (after attorneys' fees and costs of are deducted from each minors' share). Declaration of Mark E. Merin ("Merin Decl.") ¶¶ 3–5. K.C. and D.C.'s recovery will used to purchase structured annuities to be paid in increments after the minors reach the age of 18, which will result in a net recovery of $127,673.80 for K.C. and $139,049.97 for D.C. *Id.* ¶ 6. *See Ramirez*, 2020 U.S. Dist. LEXIS 188660, at *6 ("other courts have determined that [annuities structured to be paid in increments when minors are adults] are preferable to those resulting in a lump sum payment").

### D. ATTORNEYS' INTEREST

K.C. and D.C. have been represented by the Law Office of Mark E. Merin since September 2021.

6

Merin Decl. ¶ 2. K.C. and D.C.'s attorneys did not become involved in this matter at the insistence of any party against whom a claim is asserted and they have not received any compensation for their services to date. *Id.*

K.C. and D.C.'s retainer agreement provides for a contingency fee of twenty-five percent (25%) of a recovery on behalf of a minor, plus costs. Merin Decl. ¶ 4. *See*, *e.g.*, *Napier v. San Diego County*, 2017 U.S. Dist. LEXIS 196223, at *9 (S.D. Cal. Nov. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery."); *E.H.*, 2023 U.S. Dist. LEXIS 219523, at *6 ("25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors"). Plaintiffs' counsel incurred $8,505.50 in costs litigation this matter. Merin Decl. ¶ 5. Thus, K.C. and D.C.'s attorneys are contracted to receive $24,001.38 from each of K.C. and D.C.'s gross recovery—*i.e.*, $21,875 for fees (25% of $87,500), plus $2,126.38 for costs ($8,505.50 total costs ÷ 4 Plaintiffs = $2,126.38 for each Plaintiff). *Id.* ¶¶ 3–5.

Accordingly, K.C. and D.C. will receive a net recovery of $63,498.62.

### E.   RECOVERY IN OTHER CASES

K.C. and D.C.'s $63,498.62 net recovery is reasonable, compared to recoveries by minors in similar cases of officer-involved death involving a parent. *See*, *e.g.*, *Estate of Alvarado v. Tackett*, 2019 U.S. Dist. LEXIS 161351, at *7 (S.D. Cal. Sep. 20, 2019) ($55,000 net); *A.G.A. v. County of Riverside*, 2019 U.S. Dist. LEXIS 130051 (C.D. Cal. Apr. 26, 2019) ($18,653.44 net); *Napier v. San Diego County*, 2017 U.S. Dist. LEXIS 196223, at *6 (S.D. Cal. Nov. 28, 2017) ($41,125 net); *Armstrong v. Dossey*, 2013 U.S. Dist. LEXIS 124786, at *8 (E.D. Cal. Aug. 30, 2013) ($22,500 net); *Doe v. Gill*, 2012 U.S. Dist. LEXIS 74250, at *7 (N.D. Cal. May 29, 2012) ($7,188.85 net); *Swayzer v. City of San Jose*, 2011 U.S. Dist. LEXIS 86659, at *2 (N.D. Cal. Aug. 5, 2011) ($2,054.17 net).

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

7

**PLAINTIFFS' MOTION FOR APPROVAL OF MINORS' COMPROMISE**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. 4:22-cv-00019-HSG

## IV.    CONCLUSION

For the reasons stated, the Court should approve the minor's compromise settlement for K.C. and D.C.

Dated: December 5, 2025

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF CHARLES CHIVRELL,
ARIELLE CHIVRELL, K.C., and D.C.

8

**PLAINTIFFS' MOTION FOR APPROVAL OF MINORS' COMPROMISE**
*Estate of Chivrell v. City of Arcata*, United States District Court, Northern District of California, Case No. 4:22-cv-00019-HSG